IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

JOHN WILLIE MARTIN                                                     PLAINTIFF

        v.                  Civil No. 1:07-cv-01115

RANDY PEEK, Chief of Police,
Warren Police Department; BUTCH
BELIN, Sheriff, Bradley County,
Arkansas; DEPUTY HEARNSBERGER,
Bradley County Sheriff's Office;
OFFICER CAROLYN HURD,
Warren Police Department                                    DEFENDANTS

## **REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, John Willie Martin, filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983.  He is proceeding *pro se* and *in forma pauperis*.  Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2007), the Honorable Harry F. Barnes, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

Separate Defendants Randy Peek and Carolyn Huitt (the City of Warren Defendants) filed a summary judgment motion (Doc. 27).  Separate Defendants Sheriff Butch Belin and Deputy Hearnsberger (the Bradley County Defendants) also filed a motion for summary judgment (Doc. 30). To assist Plaintiff in responding to the summary judgment motions, I propounded a questionnaire (Doc. 35).  Plaintiff was directed to complete, sign, and return the questionnaire on or before February 4, 2009.  Plaintiff was advised that his failure to respond within the required period of time might subject this matter to dismissal for failure to comply with a court order.

To date Plaintiff has not responded to the court order.  Plaintiff has not sought an extension of time to comply with the court order.  The order has not been returned as undeliverable.  Plaintiff has not communicated with the court in anyway.

I therefore recommend that this case be dismissed with prejudice based on the Plaintiff's failure to obey the order of the court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The parties have ten days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 10th day of February 2009.

>                     /s/ Barry A. Bryant
>                     HON. BARRY A. BRYANT
>                     UNITED STATES MAGISTRATE JUDGE